UNITED STATES DISTRICT COURT
Southern DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2016 MAR 14  AM 9: 57

Segundo Narvaez          Plaintiff(s)     )
                                          )
             vs.                          )
                                          )
New York City Department of              )
                                          )
Corrections, et. al.     Defendant(s)     )

INMATE
CIVIL RIGHTS
COMPLAINT PURSUANT
PURSUANT TO
42 U.S.C. § 1983

Case No.  9:___CV_____

| Plaintiff(s) demand(s) a trial by: ✓ JURY _____ COURT   (Select **only** one). |

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

# 16CV1980

1.   This is a civil action seeking relief and/or damages to defend and protect the rights
     guaranteed by the Constitution of the United States.  This action is brought pursuant to
     42 U.S.C. § 1983.  The Court has jurisdiction over this action pursuant to
     28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2.   Plaintiff: Segundo Narvaez  , # 15-A-3658

     Address: Coxsackie Correctional Facility

     P.O. Box 999

     Coxsackie, N.Y.  12051-0999

Additional Plaintiffs may be added on a separate sheet of paper.

3.   a.   Defendant: Commissioner - New York City Department

          Official Position: of corrections - Joseph Ponte

          Address: 75-20 Astoria Boulevard

          Bulova Corporate Center

          East Elmhurst, N.Y 11370

b.   Defendant: _John DOE DOCTORS AND NURSES_

Official Position: _WHO hAndle my CASE - medical STAFF_

Address: _MEDICAL CONTRACTOR- Provider of N.Y.C. Jails_

_Correctional Health Services_

_225 Broadway, N.Y., N.Y. 10007_

c.   Defendant: _WARDENS (John DOE) of the_

Official Position: _N.Y.C. Dept. of Corr. facilities WHERE_

Address: _medical issues Aroused_

_SEE "Additional DEFENDANTS"_

_ENClosED. Pg i to iii_

Additional Defendants may be added on a separate sheet of paper.

4. PLACE OF PRESENT CONFINEMENT

a.   Is there a prisoner grievance procedure at this facility?

✓ Yes               _____ No

b.   If your answer ro 4a is YES, did you present the facts relating to your complaint in this grievance program?

✓ Yes               _____ No

If your answer to 4b is YES,

(i)   What steps did you take? _I SPOKE with STAFF About_

_medical issues and wrote grievances, and_

_wrote complaints to Commissioner and NYC_

_Department of Health_

(ii)  What was the final result of your grievance? _IGNORED, All_

_of them._

If your answer to 4b is NO - why did you choose to not present the facts relating to your complaint in the prison's grievance program? _____

N/A _____

_____

c.  If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

✓ Yes          _____ No

If your answer to 4c is YES,

(i)  What steps did you take? WROTE COMMISSIONER AND NYC DEPARTMENT of HEALTH - HYGIENE

_____

(ii)  What was the final result regarding your complaint? IGNORED

_____

If your answer to 4c is NO - why did you choose to not complain about the facts relating to your complaint in such prison? _____

✓ _____

5.  PREVIOUS LAWSUITS

a.  Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?

✓ Yes          _____ No

b.  If your answer to 5a is YES you must describe any and all lawsuits, currently pending or closed, in the space provided below.

For EACH lawsuit, provide the following information:

i.  Parties to previous lawsuit:

Plaintiff(s): SEGUNDO NARVAEZ

Defendant(s): COMMISSIONER - N.Y.C. DEPT. of CORRECTIONS

ii.   Court (if federal court, name District; if state court, name County):

NEW york court of claims

iii.   Docket number: N\A

iv.   Name of Judge to whom case was assigned: N\A

v.   Disposition (dismissed? on appeal? currently pending?): PENDING

vi.   Approximate date of filing prior lawsuit: 2-24-2016

vii.   Approximate date of disposition: N\A

6.                              **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.  (You may use additional sheets as necessary).

SEE Attached PAGES "A" thru "L"

7.                          CAUSES OF ACTION

Note: You must clearly state each cause of action you assert in this lawsuit.

FIRST CAUSE OF ACTION

DENial of MEdical treatmenT

_____

_____

_____

_____

SECOND CAUSE OF ACTION

Exposure to conTagious Diseases

_____

_____

_____

_____

THIRD CAUSE OF ACTION

CONSpiracy to violaTE my civil rights; cavel ANd
UNUSval punishmenT; DeliberaTE iNDiffcrence,
inflicTion of emoTiONal DisTrESS; DeNial of DUE process
and equal protectioN of law; DiscriminaTioN;
reTaliaTioN; inflicTion of mental ANglish ANd lass of
ENJoymeNT of liTE; Gross NEGliJENCE.

8.    PRAYER FOR RELIEF

WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:

For court to issue an order at Defendants
to show cause, for marshalls to serve defendant
lawsuit, Jury trial, and any relief the court
may deem just and proper; compensatory damages for five
million, Punitive damages for five million, injunctive relef, class action.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 03-04-2016

SEGUNDO NarVAEZ

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

-K-

DEFENDANTS engaged in THE proprietary Function
of Providing medical CARE, AND are THUS held
to THE SAME DUTY of CARE AS PRIVATE
INDIVIDUALS AND INSTITUTIONS ENGAGED IN the
Same ACTIVITY. 62A N.Y. Jur. 2d. GOVERNMENT
TORT Liability # 194. THE RESULTING mental
Problems, THE Acquisition of Tuberculosis AND
HEPATITIS, was a reasonably FORESEEABLE
CONSEQUENCE OF THE DEFENDANTS ACTS or OMISSIONS.
THEIR UTTER NEGLIGENCE was THE proximate cause
of said INJURIES. THE NEW YORK City DEPARTMENT
of Corrections AND Correctional Health Service
UNDERTOOK DUTY to provide INMATES medical CARE.
THE NON-DISCRETIONARY medical STANDARDS-protocols,
which were breached, resulting IN the complications
of my mental health Problems AND getting INFECTED
with T.B. AND Hepatitis. Plaintiff Relied ON their
CARE. I was provided NO preventive CARE. Ogle V.
State, 594 N.Y.S. 2d. 824 (3rd. Dept. 1993)

- L -

COMPARE KAGAN V. STATE, 646 N.Y.S.2d. 336, (2ND. DEPT. 1996); MIDDLETON V. COXSACKIE Correctional Facility, 379 N.Y.S.2d. 3 (1975). Commissioners at ISSUE AND MEDICAL STAFF had ample options to provide me with medical care ONCE a treatment proved futile or DANGEROUS to my health. 64 N.Y. Jur.2d Health AND Sanitation #97; see ALSO Public Health Law 2200 to 2230.

As this court is aware by NOW out to NUMEROUS civil rights violations, DEFENDANTS DO NOT follow THE NEW york city Health CODE Nor the NEW york STATE Sanitary CODE: NEW york city Jails are infested with contagious Diseases. Plaintiff is yet ANOTHER victim. 62 N.Y. Jur.2d. GOVERNMENT Tort Liability # 21. THEY do what they WANT, i.E., what is EXPIDIENT.

-1-

ADDITIONAL DEFENDANTS

STEVEN Wettenstein
WARDEN - manhattan DETENTION CENTER
125 WHITE STREET
New York, N.Y. 10013

Clayton Augusns - WARDEN

Brooklyn DETENTION CENTER

275 Atlantic avenue

Brooklyn, N.Y. 11201


Monica Windley - WARDEN

NORTH Infirmary Command

1500 HAZEN Street - NIC

EAST Elmhurst, N.Y. 11370


Angelo Jamieson - WARDEN

GDMC, 1515 HAZEN Street

EAST Elmhurst, N.Y. 11370

THESE WARDENS are liable because their Administrative

code requires them to have jails clean, with

properly trained and supervised STAFF. Had they done

their supervising work, I would NOT have been injured.

ii

Achille ANTONE
Correctional Health Services

WHO EXAMINE my blood; Determine I was Negative

for Tuberculosis and recommended I be put

on Tuberculosis medication: Isoniazid, Robaxin, Pyridoxine

LyNN Devino, P.A., who determine I had

9-11-2001 Lung problems and did NOT treat it.

Commissioner of the New york city Department

of Health and Hygiene and Commissioner of

Correctional Health Services who were aware of

Health issues and Ignored them. John DOE

Rony Joseph, P.A. who Administer Tuberculosis

medication when I did NOT have Tuberculosis,

and when I Acquired it, Discontinued and did

NOT provide Alternative treatment; same with Brenda

R. Harris, M.D.; David viera, P.A.; Rosemary

Nwanne, P.A.; Frantz medard, M.D.; Myriam Blain;

Francisco Peguero, P.A.

RE: Additional Defendants

iii

Ronald Schlifman, who determined thru x-Ray I did not have Tuberculosis yet recommended I take T.B. medication; same with Vittorio Harris.

Said wardens and medical staff denied me care when I contracted Tuberculosis, providing no Alternative.

As to denial of mental Health, Anne Francois.

For Hepatitis the above commissioners, wardens and medical staff provided no medical care.

John Doe, Jane Doe nurses ... to be provided when discovery is submitted by defendants.

RE: Additional Defendants

-A-

## STATEMENT of FACTS

Sworn Affidavit of SEGUNDO Narvaez

UNDER OATH, UNDER penalty of perjury I declare
THE below STATEMENT to be true AND correct.

I Never had TUBERCULOSIS, ANY of THE MYCO-
BACTERIUM Tuberculosis. IN Ecuador as well
AS iN THESE UNITED STATES. I TESTED Negative
WHEN-ever THE MANTOUX TEST was DONE iN
my FOREARM. Chest X-RAYS HAVE Also
confirm said DiagNosis. WHEN I ENTERED THE
New york city DEPARTMENT of CORRECTIONS
ON July 13th, 2013 PPD, Purified ProteiN
DeNivative, was given to me AS a ROUTINE
SCREENING test. Again I came up Negative
TWO DAYS LATER. NO X-Ray or SPUTUM
Sample was taken. I had NO DORMANT or
ACTIVE Tuberculosis. Rather than RE-Apply
a Tuberculin SKIN TEST, I was given a

-B-

Blood test while all indicators unequivically demonstrated I had No Tuberculosis - The New York City Department of Corrections Now claimed I had Not only Tuberculosis, from said blood test, but that it was active. An X-RAY indicated I did Not have TB active, nor did I had ANY symptoms associated with active TB. No sputum or bronchoscope was used to support or disuade false possitive. Defendants never indicated I had TB other than in Lungs, Not in Pericardium, Tuberculous meningitis, or in other organs or parts of body. As a result of false possitive, which did Not indicate miliary Tuberculosis, I was forced into Direct Observed Therapy (DOT) and poisoned with variants of Isoniazid, Rifampin, Pyrazinamide. I immediately had Allergic reactions: My body broke out

- C -

IN painful red-rashes, which my face AND body have NOT healed from. I EXPERIENCED Nausea, vomiting, jaundice, AND my liver was DAMAGED. I EXPERIENCED head-aches AND chest pains. My Optic nerve has been DAMAGED AND my hearing has become impaired. I have, from said poisons, called medication by Defendants, continue to experience blurred vision And AND DECREASED color perception.

I Did NOT have T.B., yet I was HOUSED with multiple inmates who had been tested and found to be possitive with active Tuberculosis. Details are fully articulated in EXHIBIT "A". I was exposed AND subsequently infected with T.B., then refused medication due to Allergic reaction when I DID NOT have it, while Defendants had other options to treat me with.

- D -

Although I requested to be seen by
mental Health staff for my verified
mental Health problems, I was told by
defendants that I had to wait because
they do not have mental Health staff who
do not speak Spanish. Plaintiff speaks
Spanish only. I waited for months and
never received treatment. I exhausted all
available Administrative procedures in place.
Plaintiff, which this count is familiar
with, has post traumatic syndrom disorder
from my work at the ground zero cite.
As a result of denial of mental Health
I developed more stress, mental Anguish,
anxiety, mood disorder AND depression.
THE DATES of incident were from 7-13-13
of 2015 till present .... continious medical
Doctrine.
Defendants test show negative for T.B.

- E -

THEN possitive while in their custody,
and need for mental Health.
I filed numerous grievances (enclosed) which
Defendants mostly ignored or evated
medical issues. They retaliated by moving
me from one facility to another and not
provioing me with medical care once exposed
to T.B.; and, I kept pressing for mental
Health treatment. I was denied blood test
for liver damage screening due to T.B.
medication.

I was, also, diagnosed with Hepatitis A,
but given no medical treatment dispite my
protestations and grievances. This disease
I contracted in their custody. I was initially
screened at intake and did not have Hepatitis
"A". The contracting this illness and its denial
of medical care for it affecred my mental
state. I developed depression, health problems,

-7-

emotional DISTRESS AND ANguish, loss of
ENJoyment of life. I Developed tiredness,
loss of Appetite, feeling of weakness and
Dizziness. I have continious medical And
mental health problems. I continue to have
Joint pain, headaches and back pain. THE
Robaxin AND Isongazid given, with B-6
Supplements, caused said rashes, which only
Hydrocortisone ointment was given only
once. I have permanent scaring from
allergic reaction. still visible in face and body.
Plaintiff timely filed claims with New
york city Comptroller. They Never responded.
He also timely filed claim with the New
york court of claims, which is currently
pending. I wrote the New york city department
of corrections Commissioner about Issues. I
got No responce. I wrote New york city
Department of Health and mental Hygiene.

- G -

I DID NOT get ANy RESPONSE, NOR from the Urban Justice CENTER.

DEFENDANTS ACTIONS CONSTITUDE CRUEL AND UNUSUAL treatment, DELiberate INDifference to my serious medical NEEDS while I was AN inmate in their custody and control. THE current medical community will NOT Agree to the violations Plaintiff has undergone. Its NOT A matter of Disagreement. I had serious medical NEEDS ... to meet the prongs established in ESTELLE v. Gamble, 429 U.S. 97, 104, 97 S.CT. 285 (1976). THESE ARE life-time, life threatening diseases that were left untreated. My DUE process AND EQUAL PROTECTION of law were violated. DEFENDANTS medical JUDGEMENTS were highly inconsistent with current medical practices AND literature. DEFENDANTS KNEW, or should had KNOWN, that they placed Mr. NARVAEZ in UNCONSTITUTIONAL CONDITIONS of confinement and then Deliberately

- H -

denied him medical care he was entitled, which he brought immediately to their attention. None of their actions were reasonably related to a legitimate penological interest or prison policy. The Turner standards are in-applicable. Turner v. Safley, 482 U.S. 78, 107 S.CT. 2254 (1987). Their actions, or lack of actions, were not reasonably related to their interest, they were other ways of accomplishing the same governmental goal without compromising my need for medical care and not to have exposed me to serious diseases. They acted with culpable state of mind - unnecessary and wanton infliction of pain simply because I was not of their consanguinity and spoke only Spanish. Defendants, i.e., the government, had a clear duty to provide Mr. Narvaez medical care when he was in their custody; that duty extended to protecting plaintiff from contacting the infectious

- I -

DISEASES of Tuberculosis AND HEPATITIS. While I took precautions, they did NOT. THE FACT THAT they offered me a translator for mental health does NOT absolve defendant from required care. THE translator was another inmate, a guard or some near-by medical staff who did NOT shelter me from "confidentiality" in mental health treatment, who was NOT a translator in the field of mental health to provide me with constitutionally acceptable therapy. It was a time and cost saving devise that makes defendant liable under 42 U.S.C. 1983.

Additionally, because defendants conspired to violate my civil rights, they are also liable under 42 U.S.C. 1985. They transfer me, discontinued treatment, ignored it when I was possitively diagnosed and ridiculed me. I was discriminated and my medical information was disclosed to inmates, guards and staff which led me to being

-J-

ostricized. They endangered my life. The 14th amendment protects me from discriminatory treatment. Those similarly situated inmates who spoke English were given medical care and not exposed to said diseases. They followed no due process in their denial of medical care. State statute and regulations entitled me to requested care... which did not require more money or time. My mental issue was a recognized disability that felled within the "americans with disability act". Defendants took no steps to protect my rights under the "ADA".

Thus plaintiff has stated a cause upon which relief can be granted under 42 U.S.C. 1983 and 1985. No reasonable juror, acting reasonably, will fail to find defendants guilty of said civil rights violations and fail to award plaintiff relief request. Since this issue affects thousands of Hispanics plaintiff is entitled to class action- injunctive relief.

# EXHIBIT A

State of New York
Court of Claims

SEGUNDO NARVAEZ

Claimant(s)

v.                                                          Claim

THE STATE OF NEW YORK

Defendant(s)

1. The post office address of the claimant (you) is ___Coxsackie Correctional Facility, Post Office Box 999, Coxsackie, New York 12051-0999

2. This claim arises from the acts or omissions of the defendant. Details of said acts or omissions are as follows (be specific): __I have been recieving mental healh services since my incarceration which took place in July

SEE ATTACH

3. The place where the act(s) took place is (be specific): __SEE ATTACH

4. This claim accrued on the __23__ day of __April__, __2015__ at _____ o'clock.
__19 day of May, 2015 at_____ o'clock.

LL

of 2013 at Riker's Island: G.M.D.C. and B.K.H.D.. Upon my arrival at N.I.C., I requested to be seen by mental health staff and was told I must wait because they do not have a staff member who speaks "Spanish". I have waited and waited even filed a grievance. I was told they cannot provide me with anyone who can accommodate my language barrier. I worked at the ground-zero site and suffer from post traumatic syndrome disorder.

I am not being treated for my mental issues, therefore, creating more stress, mental stress, mental anguish, anxiety, mood disorder, and I need to be compensated for in the amount of **($72,000,000.00) SEVENTY-TWO MILLONS DOLLARS** for punitive and compensatory damages. I came to Riker's Island free of any diseases. I was housed with multiple inmates whom had been tested and found to be positive for T.B. I was placed on medication, which will last for a year. I arrived here to Riker's Island on July 12, 2013. I went to R.N.D.C. - 4 building, for approximately, one month. After that I was relocated to G.M.D.C. - 3 building, to one main, B - side cells and he was diagnosed with positive to tuberculosis. However, the medical staff were not sure if he really had T.B. Furthermore, at the beginning of 2014, we were relocated, the whole house (block cells) to one upper B - side cells. Incidentally, the medical staff re-tested Mr. Ramirez, and again he was found to be positive to T.B. Consequently, Mr. Ramirez refused to take any medication or treatment.

Evidently, two more inmates came to our house to one upper B- side cells, and was diagnosed as positive with T.B. Nevertheless, the

medical staff, shouldn't have never permitted those infected inmates mixed with the healthier inmates. In addition, our house one upper B - side had three inmates with or expose to T.B.

Moreover, sometime during the month of February of 2015, one of the three that were diagnosed with T.B. Mr. T. Belmejo, was removed from our house because he had an altercation (fight) with another inmate. Ironically, in the month of March of 2015, we were re-located again, the whole house. This time to Brooklyn House Detection Complex. Subsequently, we all were relocated and serologically examinations were performed, in fact, Mr. Ramirez and Mr. Roys were found again to be positive of T.B. Actually, we do not know exactly how many infected inmates are among us. Mr. Ramirez and Mr. Belmejo, they both informed me and they showed me their medical results from the clinic, but they refused to take the treatment. Nevertheless, we were again relocated back to Riker's Island, but this time, to N.I.C. North Infirmary Command building. The whole house, including the two inmates that are allegedly diagnosed with T.B. Eventually, some of us were tested, including myself.

Unfortunately, I was tested positive of being exposed to T.B. I was extremely devastated because I came to Riker's Island healthly and free of any diseases. Besides, I have never tested positive to T.B. in my life. Currently, I am taking the medication and treatment. Although, and without any doubt, this medication destroy your liver. Nonetheless, I have no idea, if others

are taking the medication.  We are housed with multiple inmates and
with poor air ventilation.  It's essential that we all get retested
and make sure that those inmates take the treatment.  I believed
that the medical staff did not do their job, by mixing healthly
inmates together with the infected inamtes and exposing that easily
contagious disease (T.B.), and who knows what else is being pass
on in our dorm.  I has been approximately, two years, and the pro-
blem, hasn't been resolved.

I am very concerned, as well as other inmates about getting infected
with hepatitis B or hepatitis C.  Hepatitis is a disease that attacks
the liver.  There are different types of hepatitis, but the most
common types among prisoners are hepatitis B and hepatitis C.  The
hepatitis B virus, like H.I.V. is spreads in prison by having sex
with infected person without a condom, sharing razors, through
needle sticks or sharp exposures or during a altercation (fight).
You can avoid getting hepatitis B, by taking the same precautions
as you would for H.I.V.

Hepatitis C virus (H.V.C.) almost 80% of infected persons do not
show any signs or symptoms of H.V.C.  Many people infected with
hepatitis C, many not show any symptoms for twenty or thirty years.
H.V.C. symptoms includes yellowing of the skin, dark urine, fatigue,
abdominal pain, and loss of appetite.  Most people around 70% with
chronic H.V.C. infection have some liver damage.  While few people
outside of prison have H.V.C., a very high percentage of prisoners
are infected with hepatitis C.  To avoid getting hepatitis C, you

-4-

should 1. Never refuse or share syringes, water or "Works".  2. Never share toothbrush, razors, or other personal care items.  3. Avoid getting a tattoo or body piercing, there is a chance that someone else's blood is on the tools or the artist does not follow health practices.  4. Avoid having unprotected sex.  5. The most frequent and difficult one is the most often to occurred, is an altercation (fight) with another inmate.  Sometimes, during a fight, you're susceptible of getting cuts or a open wound will happen.  Then, there will be ultimately blood involved.  Subsequently, then your life in danger, threaten and now you're seriously devastated, frustrated, and disappointed of the circumstances and obviously frighten for your future.

Unfortunately, it's ludicrous because you are extremely horrify and ferociously scare and uncertain that, perhaps you might be infected with a deadly viruses or disease.  I believed that the New York City of Correctional facilities, should screen better the inmates and categorized the inmates accordingly to whatever disease they were found to have or have been diagnosed.  Further, they should make them take their medications or treatment constructively.  Therefore, so others inmates don't have to get sick, the way I did and they don't have to suffer emotional distress, depression, anxiety, stress, medical deliberate indifference, dangering risking my health, and other inmates health as well.

I sincerely hope you'll find a solution to this problem and have a better health care program.  So, other inmates don't get hurt and

go through this excruciating pain and frustration.

Also, I want to be compensated for stress, depression, anxiety, emotional distress, and medical deliberate indifference in the amount of ($47,000,000.00), FORTY-SEVEN MILLION DOLLARS for punitive and compensatory damages.

Dated: February 24        , 2016
       Coxsackie, New YOrk

                        Respectfully Submitted,


                        Segundo Narvaez

                        DIN 15-A-3658

                        Claimant Pro-Se

                        Coxsackie Correctional Facility

                        Post Office Box 999

                        Coxsackie, New York 12051-0999

5. (Check appropriate box):

☐ This Claim is served and filed within 90 days of accrual.

OR

☒ A Notice of Intention to File a Claim was served on  4-23-2015 and  5-19-2015 and, was within 90 days of accrual.

OR

☐ This is a claim by a correctional facility inmate to recover damages for injury to or loss of personal property and it is served and filed within 120 days of the exhaustion of claimant's administrative remedies.

By reason of the foregoing, Claimant was damaged in the amount of $119,000,000.00, and Claimant demands judgment against the Defendant(s) in for said amount.

_Segundo L. Narvaez_
Claimant

VERIFICATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF  GREENE )

_Segundo Narvaez_____, being duly sworn, deposes and says that deponent is the Claimant in the within action; that deponent has read the foregoing Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_Segundo L. Narvaez_

Sworn to before me this 24 day
of February, 2016

_Jackie A. Lewis_
Notary Public, State of New York

Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. O1LE6265498
My Commission Expires 07/09/20 16

SERVICE AND FILING INSTRUCTIONS

You must serve a copy of the claim in accordance with Court of Claims Act section 11(a) and you must file the original and two copies, with proof of service and the filing fee of $50.00, or an application for waiver or reduction of the filing fee, with the Clerk of the Court of Claims within 90 days of accrual of the claim (120 days in the case of an inmate claim for loss of or damage to personal property).

FAILURE TO EFFECT PROPER AND TIMELY SERVICE AND FILING MAY RESULT IN DISMISSAL OF YOUR CLAIM

New York State Court of Claims
Justice Building, P.O. Box 7344
Albany, New York 12224
(518) 432-3444

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK ⟩
⟩ ss.:
COUNTY OF ___GREENE___ ⟩

I, ___Segundo Narvaez___ being duly sworn, deposes and says:

1.  I am over eighteen (18) years of age and resides at the Coxsackie Correctional Facility, P.O.Box: 0999, Coxsackie, New York 12051-0999.

2.  On ___February 24,___ , 20_16_, I placed and submitted a true and exact copy of the within document(s) which consist of the following: ___Notice of Intention to File A Claim.___

in a properly sealed, post paid wrapper and deposited same in an official depository of the United States Postal Service, said box being under exclusive care of the New York State Department of Correctional Services and is one established for the purpose of mailing correspondence, addressed for delivery to the following parties.

___New York State Attorney General___
___Att.: Mr. Eric T. Schneiferman___
___Department of Law, The Capitol___
___Albany, New York 12224-0341___

SWORN TO BEFORE ME THIS
_24th_ DAY OF _February 2016_

_[signature]_
NOTARY PUBLIC
Jackie A. Lewis
Notary Public, State of New York
Qualified in Albany County
No. 01LE6265486
My Commission Expires 07/09/20_16_

Respectfully Submitted,

_[signature]_ Segundo Narvaez
Din # ___15-A-3658___
Coxsackie Correctional Facility
P.O.Box: 0999
Coxsackie, New York 12051-0999



**New York City Comptroller**
John C. Liu

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:   NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence,* you must start legal action to preserve your rights.
TYPE OR PRINT

I am filing:  ☑ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Relationship to the claimant: | |

○ Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | N/A |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

**Claimant Information**

| | |
|---|---|
| *Last Name: | NARVAEZ |
| *First Name: | Segondo |
| Address: | 41-54 74TH STREET |
| Address 2: | EiMHurst, N.Y. 11373 |
| City: | NYC |
| State: | NY |
| Zip Code: | 11373 |
| Country: | USA |
| Date of Birth: | 12/27/71    Format: MM/DD/YYYY |
| Soc. Sec. # | ? |
| HICN: (Medicare #) | N/A |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | 718-710-5893 |
| Email Address: | |
| Occupation: | |
| City Employee? | ○ Yes   ○ No   ☑ NA |
| Gender | ☑ Male   ○ Female   ○ Other |



New York City Comptroller
John C. Liu

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident: 5 / 19 / 15   Format: MM/DD/YYYY

Time of Incident: / /   Format: HH:MM AM/PM

*Location of Incident:
NIC
15-00 HAZEN ST.
EASTELMHRST, N.Y

Address: NORTH INFITHATY COMMAND
Address 2: 15-00 HAZEN ST.
City: EAST ELMHRST N.Y. 11370
State: NEW YORK
Borough: QUEENS

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed.

I CAME to RIKERS ISLAND free of ANY DISEASES. I WAS HOUSED with MULTIPLE INMATES WHO HAD BEEN tested AND found To Be positive foR TB. On 5/19/15 I WAS DIAGNOSED with TB. I WAS PLACED On MED- ICATION, WHICH WILL LAST foR A YEAR.

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed.

STRESS, DEPRESSION, Anxiety, EMotioNAL Distress, MEDICAL DELIBERATE INDIFFERENCE.
47,000,000.00



New York City Comptroller
John C. Liu

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Medical Information**

| | |
|---|---|
| 1st Treatment Date: | 5 / 19 / 15   *Format: MM/DD/YYYY* |
| Hospital/Name: | NORTH INFIRMARY COMMAND |
| Address: | 15-00 HAZEN ST. |
| Address 2: | |
| City: | EAST ELMHURST |
| State: | NEW YORK |
| Zip Code: | 11370 |
| Date Treated in Emergency Room: | _____   *Format: MM/DD/YYYY* |

Was claimant taken to hospital by an ambulance?      ○ Yes   ✓ No   ○ NA

**Employment Information (If claiming lost wages)**

| | |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | N/A |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information**

| | |
|---|---|
| Last Name: | DR. JOHN DOE |
| First Name: | |
| Address: | 15-00 HAZEN St. |
| Address 2: | |
| City: | EAST ELMHURST |
| State: | N.Y. |
| Zip Code: | 11370 |